UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
BRIAN FISCHLER, individually and on behalf of all
other persons similarly situated,

    Plaintiff,

 v.

FOUNDERS ENTERTAINMENT, LLC d/b/a
The Governor's Ball Music Festival,

    Defendant.
-------------------------------------------------------------------x

19-cv-01056 (WFK-RER)

## JOINT STIPULATION FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE PURSUANT TO F.R.C.P. 41(a)(1)(A)(ii)

    Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff Brian Fischler ("Plaintiff") and Defendant Founders Entertainment, LLC ("Defendant") stipulate and jointly request that this Court enter a dismissal with prejudice of Plaintiff's Complaint in the above-entitled action, in its entirety, with the Court to retain jurisdiction over the parties and the action until May __, 2021 for the sole purpose of enforcement of the parties' obligations under Section 2(C) of the parties' Confidential Settlement Agreement and Release of Claims. Section 2(C) of the Confidential Settlement Agreement and Release of Claims reads as follows:

    [Defendant] shall, within twenty-four (24) months of the Effective Date ("the Remediation Period"), use commercially reasonable good faith efforts to cause those portions of the Websites that are covered by Title III of the ADA to be in a condition or state that allows individuals with disabilities within the meaning of the ADA to gain the same information with an ease of use substantially equivalent to that of a non-disabled person using the Website ("ADA Compliant"), to the extent it does not impose an undue burden or cost, is not technically infeasible, and does not fundamentally alter the nature of the content, features, or functionality of the website and/or will provide equivalent facilitation. Moreover, this Agreement shall not apply, nor be construed to apply, to portion of the Websites that are not owned or controlled by [Defendant] or for which [Defendant] does not possess the administrative, design, or coding rights. The Parties agree that being in substantial conformance with WCAG 2.0 Level AA or WCAG 2.1 shall constitute "ADA Compliant" for purposes of this Agreement, but that substantial conformance with WCAG 2.0, Level AA or WCAG 2.1 is neither the test for ADA Compliance nor the sole method of achieving ADA Compliance.

The Parties further agree that, notwithstanding anything contained in this provision or in this Agreement, the Websites shall be permitted to link to websites owned or operated by others containing Third-Party Content (as defined below) that may not be accessible to individuals with disabilities.  (The term "Third-Party Content" refers to web content that is not developed, owned, or operated by Defendant.)  The Parties further agree that ADA Compliant shall include substantial conformance with any standard later established or recognized by the United States Supreme Court, any U.S. Circuit Court of Appeals or the U.S. Department of Justice.  However, if a judicial, legislative or regulatory body enacts any legislation or rule, or if the United States Supreme Court, the U.S. Circuit Court of Appeals for the Second Circuit, or a New York State appellate court renders a decision, pursuant to which the Websites are not considered a place of public accommodation or business establishment under the Disability Laws, it is understood that [Defendant] will be relieved of the obligations set forth in this Section 2(C).  If [Defendant]'s ability to meet the deadline for compliance with this Section 2(C) is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of [Defendant]'s control, the Parties' respective counsel shall meet and confer regarding an extended deadline. If the Parties cannot reach an agreement regarding an extended deadline after such meet-and-confer efforts, either Party will have the right to seek judicial relief.

Following the Remediation Period, [Defendant] shall, either on its own or through a third party vendor, monitor the Websites on a periodic basis to ensure that it continues to be ADA Compliant. [Defendant] agrees that if any portion of the Websites is discovered to be non-ADA Compliant, it will promptly remediate that portion of the Websites and will cause it to be ADA Compliant.

[SIGNATURES ON NEXT PAGE]

Each party shall bear his or its own fees, costs and attorneys' expenses.

| | |
|---|---|
| Dated: May 22, 2019 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br><br>By: */s/ Evan B. Citron*<br>    Evan B. Citron<br>599 Lexington Avenue, 17th Floor<br>New York, NY 10022<br>evan.citron@ogletree.com<br><br>*Attorneys for Defendant*<br>*Founders Entertainment, LLC*<br><br>LIPSKY LOWE LLP<br><br>By: /s/ *Douglas B. Lipsky*<br>    Douglas B. Lipsky, Esq.<br>630 Third Avenue, Fifth Floor<br>New York, NY 10017<br>doug@lipskylowe.com<br><br>*Attorneys for Plaintiff*<br>*Brian Fischler* |

38397259.1